DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney(s) for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
EDWIN DERICK MORALES ACEVEDO
individually, EDWIN DERICK MORALES
ACEVEDO on behalf of others similarly
situated,

                                        *Plaintiff*,

-against-

KEURIG DR PEPPER, INC., and DR
PEPPER/SEVEN UP, INC.

                                        *Defendants*.
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**Case No.**

Plaintiff Edwin Derick Morales Acevedo ("Plaintiff Acevedo" or "Mr. Acevedo"), individually and on behalf of others similarly situated, by and through his attorney(s), Daniel Tannenbaum, Esq., and as against Keurig Dr Pepper, Inc., and Dr Pepper/Seven Up, Inc. ("Defendant Corporations") (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Acevedo is a former employee of Defendants Keurig Dr Pepper, Inc., and Dr Pepper/Seven Up, Inc.

2. Defendants own, operate, or control a warehouse, located at 50-35 56th Rd, Queens, New York 11378.

3. Plaintiff Acevedo was an employee of Defendants.

4. Plaintiff Acevedo was employed as a Truck Checker and Warehouse Supervisor at the facility located at 50-35 56th Rd. Queens, New York 11378.

5. Plaintiff Acevedo worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate record keeping of the hours worked and failed to pay Plaintiff Acevedo appropriately for all hours worked.

7. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Acevedo to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

8. Defendants' conduct extended beyond Plaintiff Acevedo to all other similarly situated employees.

9. Plaintiff Acevedo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), overtime wage orders and spread of hours wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §146-1.6 (herein the Spread of Hours Wage Order), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Acevedo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Acevedo's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a

substantial portion of, the events or omissions giving rise to the claims occurred in this district, and Defendants operate a warehouse located in this district. Further, Plaintiff Acevedo was employed by Defendants in this district.

13. Plaintiff Acevedo now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), including applicable liquidated damages, interest, attorneys' fees and costs.

## PARTIES

*Plaintiff*

14. Plaintiff Acevedo ("Plaintiff Acevedo" or "Mr. Acevedo") is an adult individual residing in Brooklyn, New York.

15. Plaintiff Acevedo was employed by Defendants from approximately November, 2020 until approximately February 3, 2022.

16. Plaintiff Acevedo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control a warehouse, located at 50-35 56th Rd, Queens, New York 11378.

18. Upon information and belief, DR PEPPER/SEVEN UP, INC. is a foreign corporation organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains its principal place of business at 5301 Legacy Dr., Plano, Texas 75024.

19. Upon information and belief, KEURIG DR PEPPER, INC. is a foreign corporation organized and existing under the laws of the State of Delaware. Upon information and

belief, it maintains its principal place of business at 6425 Hall of Fame Lane, Frisco, TX 75034.

## FACTUAL ALLEGATIONS

20. Defendants Constitute Joint Employers.

21. Defendants operate a warehouse located in Queens, New York.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Acevedo's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Acevedo.

24. Defendants jointly employed Plaintiff Acevedo and are Plaintiff Acevedo's employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Acevedo.

26. At all relevant times, Defendants were Plaintiff Acevedo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Acevedo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Acevedo's services.

27. In each year from 2020 to 2022, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the facility on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

29. Plaintiff Acevedo is a former employee of Defendants who was employed as a truck checker and warehouse supervisor.

*Plaintiff Acevedo*

30. Plaintiff Acevedo was employed by Defendants from approximately November, 2020 until February 2022.

31. Defendants employed Plaintiff Acevedo as a truck checker and warehouse supervisor.

32. Plaintiff Acevedo began working as a warehouse supervisor on or about January 28, 2021.

33. Plaintiff Acevedo regularly handled goods in interstate commerce, such as beverages and other supplies produced outside the State of New York.

34. Plaintiff Acevedo's work duties required neither discretion nor independent judgment.

35. Plaintiff Acevedo's tasks as warehouse supervisor included cleaning and inspecting the warehouse, watching the receiving docks for incoming and outbound products, and helping load trucks or move product around the warehouse.

36. Plaintiff Acevedo regularly performed tasks that required neither discretion nor independent judgment, assigned to him by the Warehouse Manager and Territory Director.

37. From approximately November, 2020 until February 3, 2022 Plaintiff Acevedo worked a schedule which varied in shifts of approximately 2:00 p.m. until on or about 4:00 a.m. and 5:00 a.m. until on or about 4:00 p.m., 5 days a week plus and one or two Saturdays per month from approximately 6:00am until 2:00 p.m.

38. Throughout his employment, Defendants paid Plaintiff Acevedo his wages by direct deposit.

39. From approximately January 28, 2021 until February 3, 2022, Defendants paid Plaintiff Acevedo on a biweekly basis, at the annual rate of $61,000.

40. From approximately January 28, 2021 until approximately February 3, 2022, Plaintiff Acevedo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

41. Defendants denied an earned bonus payment to Plaintiff Acevedo, and failed to pay Mr. Acevedo for accrued paid time off at the time of termination.

42. Defendants failed to provide a termination letter to Mr. Acevedo.

43. Defendants did not provide Plaintiff Acevedo an accurate statement of wages, as required by NYLL 195(3).

44. Plaintiff Acevedo was injured thereby by not being able to observe the accurate number of hours he worked per pay period and the accurate rate and overtime pay he was entitled to.

45. Defendants did not give any notice to Plaintiff Acevedo of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46. Plaintiff Acevedo was injured thereby by not being able to observe the accurate proper rate and overtime pay rate he was entitled to.

*Defendants' General Employment Practices*

47. Defendants maintained a policy and practice of requiring Plaintiff Acevedo (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate overtime compensation as required by federal and state laws.

48. Plaintiff Acevedo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, inter alia, not paying the wages he was owed for the hours he worked.

49. Defendants habitually required Plaintiff Acevedo (and all similarly situated

6

employees) to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

50. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Acevedo worked, and to avoid paying Plaintiff Acevedo properly for her full hours worked.

52. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

53. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Acevedo (and all similarly situated employees) .

54. Defendants failed to provide Plaintiff Acevedo with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## FLSA COLLECTIVE ACTION CLAIMS

55. Plaintiff Acevedo brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class

members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

58. At all relevant times, Plaintiff Acevedo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

59. The claims of Plaintiff Acevedo stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

60. Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

61. At all times relevant to this action, Defendants were Plaintiff Acevedo's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Acevedo (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

62. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

63. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

64. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Acevedo (and the FLSA Class Members), overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

65. Defendants' failure to pay Plaintiff Acevedo (and the FLSA Class Members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a). Plaintiff Acevedo (and the FLSA Class Members), was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

66. Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Acevedo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Acevedo, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

68. Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Acevedo oovertime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

69. Defendants' failure to pay Plaintiff Acevedo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

70. Plaintiff Acevedo was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

VIOLATION OF THE NOTICE AND RECORDKEEPING
REQUIREMENTS OF THE NEW YORK LABOR LAW

71. Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants failed to provide Plaintiff Acevedo with a written notice, in English ,containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

73. Defendants are liable to Plaintiff Acevedo in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

VIOLATION OF THE WAGE STATEMENT PROVISIONS
OF THE NEW YORK LABOR LAW

74. Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

75. With each payment of wages, Defendants failed to provide Plaintiff Acevedo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

75. Defendants are liable to Plaintiff Acevedo in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

NEW YORK LABOR LAW – FAILURE TO PAY WAGES

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. The wage provisions of NYLL § 193 and its supporting regulations apply to Defendants and protect Plaintiff.

78. Defendants failed to pay Plaintiff his yearly review bonus and paid time off balance as required by NYLL § 193.

79. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants the amount of unpaid wages and liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Acevedo respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the

FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Acevedo and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Acevedo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Acevedo and the FLSA Class members;

(e) Awarding Plaintiff Acevedo and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Acevedo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions and deduction wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Acevedo ;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Acevedo's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Acevedo ;

(j) Awarding Plaintiff Acevedo damages for the amount of unpaid overtime

compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff Acevedo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Acevedo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Acevedo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Acevedo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

(p) Enjoining Defendants, its agents, employees, officers, and successors in interest, from engaging in the illegal and unlawful customs, policies, and practices described herein; and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Acevedo demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

April 13, 2022

By: /s <i>Daniel Tannenbaum</i><br>
Daniel Tannenbaum, Esq.<br>
580 Fifth Avenue, Suite 820<br>
New York, New York 10036

Telephone: (212) 457-1699
*Attorneys for Plaintiff*

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

April 7, 2022

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Edwin Derick Morales Acevedo

Legal Representative / Abogado:   Daniel Tannenbaum, Esq.

Signature / Firma:   *[signature]*

Date / Fecha: 4/8/2022            April 7, 2022

15